JENNIE HAZEL, Appellant, v. GOLDEN EAGLE ASSOCIA-
TION, a Domestic Corporation, Respondent.

(Supreme Court, Appellate Term, Second Department, September, 1916.)

Societies — fraternal benefit — action as administratrix to recover sick benefits — action subsequently brought as beneficiary by same plaintiff to recover death benefit — res adjudicata.

In an action brought in the Municipal Court of the city of New York by plaintiff as administratrix of her husband's estate against a benefit association to recover sick benefits from April

21, 1915, to June 16, 1915, defendant interposed the defense that nonpayment of dues automatically suspended the member from benefits thirty days after May first, but the court allowed plaintiff to recover according to the demand of her complaint and on appeal the judgment was affirmed. The complaint in an action by the same plaintiff individually and as beneficiary under the same certificate of membership to recover the death benefit was dismissed with the following memorandum: " I hereby find and decide that the policy or certificate of insurance lapsed by the failure of the assured to comply with its terms; that payment of assessments was a condition precedent to keep the insurance in force and that defendant's alleged default in paying sick benefits did not excuse the assured from complying with the terms of the policy."

Held, that such decision was absolutely contrary to the decision of the trial court and of this court in the first action; that the plaintiff herein having been allowed to recover for sick benefits to June 16, 1915, the court of necessity held that the refusal to pay dues and assessments was justified.

That the decision in the first action also applied to all dues and assessments on the certificate and if the assured was justified in refusing to pay the first assessment which became due prior to June 16, 1915, he was also justified in refusing to pay those which became due after that date, and that his refusal was justified upon the ground that the sick benefits had not been paid and such justification continued until his death.

That the decision in the action to recover sick benefits was *res adjudicata* in the action to recover the death benefit, but if the fact that the plaintiff therein sues in a different capacity prevents the application of the doctrine of *res adjudicata* the decision in the action to recover sick benefits is *stare decisis* and the same result follows.

APPEAL by plaintiff from a judgment rendered in the Municipal Court of the city of New York, borough of Brooklyn, sixth district, on the 10th day of February, 1916, in favor of the defendant and against the plaintiff, dismissing the complaint on the merits.

Robert P. Lattimore, for appellant.

Hacker & Bowman (William G. Decker, of counsel), for respondent.

JAYCOX, J.  In December, 1912, George L. Hazel procured from the Golden Eagle Association a certificate which provided for indemnity for loss of life and for loss of time by sickness.  Under the certificate he was entitled to sick benefits at four dollars per week for not more than eight weeks in any one year, and upon his death, the beneficiary, his wife, was entitled to a death benefit of two hundred dollars.  The premium was one dollar and fifty cents per month.  The assured was taken ill April 24, 1915. · When the collector called on May 1, 1915, for the premium of one dollar and fifty cents due that day, payment was withheld.  By stipulation filed upon the trial in the Municipal Court it is stated: '' The plaintiff refused to pay any further premiums or assessments on said benefit certificate because the defendant failed to pay the sick benefits provided for by said certificate, she claiming that the sick benefits retained by the defendant were equivalent to a payment to it by her of assessments levied meanwhile.''

There is no occasion to recite the intermediate negotiations between the parties.  After the death of the insured, which occurred August 18, 1915, the present plaintiff, suing as administratrix of her husband's estate, brought an action (which will be referred to as the '' first action '') in the Municipal Court to recover sick benefits at the rate of four dollars per week for eight weeks (April twenty-first to June sixteenth), amounting in all to thirty-two dollars.  The defendant answered, claiming that a proper proof of claim had not been made and, second, that non-payment of dues automatically suspended the member from benefits thirty days after May 1, 1915.  That action was decided in favor of the plaintiff and she had judgment for twenty-nine dollars, the court having presumably

45

deducted three dollars for premiums of one dollar and fifty cents each due May 1 and June 1, 1915. That case was appealed to this court where the judgment was affirmed. Leave to appeal to the Appellate Division was denied in this court and in the Appellate Division without opinion.

The plaintiff individually as beneficiary under the certificate then brought this action in the Municipal Court under the same certificate for the death benefit, amounting to two hundred dollars. The complaint was dismissed in this action with the following memorandum: "I hereby find and decide that the policy or certificate of insurance lapsed by the failure of the assured to comply with its terms; that payment of assessments was a condition precedent to keep the insurance in force and that defendant's alleged default in paying sick benefits did not excuse the assured from complying with the terms of the policy."

The decision of the court below is absolutely contrary to the decision of the Municipal Court and this court in the first action. In that action, as above recited, the defendant interposed the defense that non-payment of dues automatically suspended the member from benefits thirty days after May first. The plaintiff in that action having been allowed to recover for sick benefits to June sixteenth, the court of necessity held that the refusal to pay dues and assessments was justified. That decision also applies to all dues and assessments on this certificate of indemnity as that action was not decided and the plaintiff did not recover judgment until after the death of the assured. Therefore, if the assured was justified in refusing to pay the first assessment which became due prior to June 16, 1915, he was also justified in refusing to pay those which became due after that date. His refusal was justified upon the

ground that the sick benefit had not been paid. This sick benefit had not been paid at the time of the assured's death. The justification, therefore, continued until his death. This question, it seems to me, is *res adjudicata* between these parties. If the fact that the plaintiff sues in a different capacity at this time prevents the application of the doctrine of *res adjudicata,* it certainly is *stare decisis* and the same result follows.

The plaintiff is entitled to judgment also upon another ground. The defendant took the position that nonpayment of dues automatically suspended a member from benefits thirty days after May first. The dues of May and June first have been paid by deduction from the judgment. The plaintiff or the assured was neither of them required to make any tender of payment of dues under these circumstances. The defendant had taken the position that the policy was terminated by failure to pay dues. Under these circumstances the assured was not required to do a vain thing and tender to the defendant dues and assessments which it would refuse. Its position was clear and definite. It claimed the certificate was terminated. The court has since held that that position was not justified. The defendant cannot now take the position that notwithstanding its former attitude the assured was required to tender dues and assessments to it. The assured was not required to tender dues and assessments which he knew would be refused. The defendant having taken the position that the policy was terminated by failure to pay the May and June assessments, it is now estopped from claiming that the assured was required to tender subsequent premiums to it: Further than that, the defendant, if it claimed any premiums were due and unpaid to it, had the right to interpose a counterclaim for them in the action pre-

viously brought. Under the terms of its certificate, the defendant also had the right to deduct these premiums from any money due the assured. It has been found and decided that money was due the assured and his representative has recovered judgment therefor. The defendant, therefore, at all the times when it now claims dues and assessments were due and unpaid had in its possession money of the assured more than sufficient to pay these dues and assessments. The certificate gave it the power to deduct these dues and assessments, the provision reading as follows: " Upon the payment of any claim hereunder any premium or assessment then due and unpaid or covered by any written pay order may be deducted therefrom." The plaintiff is, therefore, entitled to judgment for the full amount of the death benefit less the assessments for July and August, with thirty dollars costs in this court and appropriate costs in the court below.

CLARK and BENEDICT, JJ., concur.

Judgment reversed.